FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 18 2020

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SANDRA B. WILLIAMS )
 )
     PLAINTIFF, )
 )
v. ) CIVIL ACTION
 ) 1:20-CV-1297-TCB-JSA
ENCORE CREDIT CORPORATION C/O )
SELECT PORTFOLIO SERVICING & )
U.S. BANK NATIONAL ASSOCIATION, AS )
TRUSTEE, ON BEHALF THE HOLDERS OF )
THE HOME EQUITY ASSET TRUST 2006-5 )
HOME EQUITY PASS THROUGH )
CERTIFICATES, SERIES 2006-5 )
 )
     DEFENDANTS )

**PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANTS' MOTION TO STAY PRETRIAL DEADLINES AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT COUNTS VII & VIII, MOTION TO DENY DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO COMPEL RULE 26(F) CONFERENCE**

     **COMES NOW** Movant, Sandra B. Williams, Plaintiff in the above captioned action, appearing Pro Se, and files this **MOTION IN OPPOSITION TO DEFENDANTS' MOTION TO STAY PRETRIAL DEADLINES AS DEFENDANTS' MOTION FILED PREMATURELY; PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT COUNTS VII, VIII** as **DEFENDANT failed to answer** the **Complaint** or file a motion to dismiss within the time limit set forth in the summons; the **Defendants** are in default. Filing a Rule 12(b)(6) motion to dismiss does not automatically stay discovery or require postponing a Rule 26(f) conference until the motion is resolved. As such, Plaintiff

1

hereby files a Motion to Compel Defendants to Participate in Rule 26(f) Conference.

## I.  INTRODUCTION

This is an action to set aside a wrongful foreclosure which took place on August 16, 2019. Defendant Select Portfolio Servicing, Inc. wrongfully foreclosed after Plaintiff detrimentally relied on Defendants' admitted promise to forebear pending completion of Plaintiff's mortgage modification. The Defendants are attempting to color the facts with a blatant statement of events which are clearly inaccurate. Plaintiff's claim is not solely based on an oral promise not to foreclose. Plaintiff submitted to the court an admission of that promise made by Defendants which is in writing. The Court held in Sparra v. Deutsche Bank Nat. Tr. Co., 336 Ga. App. 418, 418, 785 S.E.2d 78, 81 (2016)

> "To prevail on a promissory estoppel claim, plaintiffs must show that (1) defendant made certain promises, (2) defendant should have expected that plaintiffs would rely on such promises, (3) the plaintiffs did in fact rely on such promises to their detriment, and (4) injustice can be avoided by enforcement of the promise."

In light of the Court's ruling Defendants' argument that Promissory Estoppel doesn't apply fails. Promissory estoppel does not apply to vague promises and, while the promise need not meet the formal requirements of contract, it must, nonetheless, have been communicated with sufficient particularity to enforce the

commitment. In the instant case, the Defendant admitted they promised to stop the foreclosure.

Defendants conveniently overlook Plaintiff's legal right to be apprised of the pendency of an impending foreclosure despite her violation of her legal obligation …" to pay under the original loan terms unless and until there is a signed, sealed, and delivered agreement…." Defendants rant is unpersuasive as this is the reason legislation was enacted to protect homeowners from banks who start a loan modification and then foreclose. Defendant has violated a Federal Statute, The Federal Dual Tracking Statute; 12 §1024.37, which was enacted to protect Plaintiff from the behavior Defendants seek to justify by attacking alleged violation of her covenant to pay her mortgage. Additionally, Defendant has a right to protect her home and property by filing a Bankruptcy. Defendants' admitted illegal actions deprived her of that right and that is just one of many reasons that the foreclosure should be set aside.

Plaintiff reminds this honorable court that the "[a]pplication of the doctrine of res judicata is not strictly mechanical, and courts have some leeway in deciding whether or not res judicata bars a subsequent suit." *Maldonado v. U.S. Atty. Gen.*, 664 F.3d 1369 (11th Cir. 2011) Plaintiff submits Defendants repeatedly start foreclosure proceedings against a homeowner and when the homeowner defends against the foreclosure they raise the issue of res judicata. The banks can't have it

both ways. If the foreclosure is not resolved then the homeowner should not be estopped from raising a viable defense. Plaintiff submits she has the legal right to zealously defend against foreclosure, not by offering a new legal theory, which would clearly bar her claim, but, in the instant case, reiterating her allegations as to Defendants' standing and all the ancillary arguments that fall within.

A Transfer and Assignment of Deed to Secure Debt" into a trust is regulated by the Securities Laws of the United States. Sections 13, 15 and 15(d) of the Securities Exchange Act of 1934, is required by Rules 12g-4, 12h-3. No loan can be transferred into a trust before the deposit date or after the cut-off date. The mortgage pool must contain the loans described therein. The assignment is void and ineffective; a 2006 loan could not legally have been transferred in 2013 into a trust that closed in 2007.

In light of the foregoing, Plaintiff moves the court to deny Defendants' motion to Dismiss and allow the Plaintiff's case to proceed or in the alternative Plaintiff moves this court for Judgment on the Pleadings and reinstate title to her home as she was illegally foreclosed on. In support of her allegations, Plaintiff states as follows:

A. RULE 56 MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56 and this Court's Rule 12, Plaintiff respectfully moves this Court for entry of an Order granting summary

judgment in her favor. Defendant failed to file an Answer in a timely fashion. It is an undisputed fact that Defendant promised to stop the foreclosure, in writing and did not. Plaintiff asks this court to reinstate title to Plaintiff as this is an undisputed fact. In support of this Motion, Plaintiff reincorporates her complaint and supporting document.

For the reasons provided, Plaintiff contends that there is no genuine disputed issue as to any material fact concerning wrongful foreclosure or promissory estoppel and that she is entitled to judgment as a matter of law on her claims (VII & VIII).

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

   a. Set aside the foreclosure sale; and

   b. Deny Defendants Motion to Dismiss; and

   c. Deny Defendants Motion to Stay Proceedings; and

   d. Sanction the Defendants in light of their repeated bad acts and bad acts; *and*

   e. For such other and further relief as this court may deem proper.

Dated:     June 18, 2020

*/s/ Sandra B. Williams*
Sandra B. Williams
2736 Lakeside Drive Southwest
Conyers GA 30094

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 1 8 2020

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| SANDRA B. WILLIAMS )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>U.S. BANK NATIONAL ASSOCIATION, AS )<br>TRUSTEE, ON BEHALF THE HOLDERS OF )<br>THE HOME EQUITY ASSET TRUST 2006-5 )<br>HOME EQUITY PASS THROUGH )<br>CERTIFICATES, SERIES 2006-5 )<br>SELECT PORTFOLIO SERVICING, INC. )<br>RUBIN LUBLIN, LLC. & )<br>BRET CHANESS, ESQ. )<br>)<br>DEFENDANTS ) | CIVIL ACTION<br>1:20-CV-1297-TCB-JSA |

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1 D, I hereby certify that the foregoing motion has been prepared in compliance with Local Rule 5.1 B and C using 14-point Times New Roman font.

Respectfully submitted this 18th day of June, 2020

*Sandra B. Williams*

Sandra B. Williams
2736 Lakeside Drive Southwest
Conyers GA 30094

6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 1 8 2020

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| SANDRA B. WILLIAMS ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | |
| U.S. BANK NATIONAL ASSOCIATION, AS ) | |
| TRUSTEE, ON BEHALF THE HOLDERS OF ) | |
| THE HOME EQUITY ASSET TRUST 2006-5 ) | |
| HOME EQUITY PASS THROUGH ) | |
| CERTIFICATES, SERIES 2006-5 ) | |
| SELECT PORTFOLIO SERVICING, INC. ) | |
| RUBIN LUBLIN, LLC ) | |
| & BRET CHANESS, ESQ. ) | |
| ) | |
| DEFENDANTS ) | |

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that I have on June 18, 2020, served the Defendants in this action with the within and foregoing by placing a true and correct copy of same in the United States Mail, with first- class prepaid postage affixed thereto, properly addressed to:

Bret Chaness, Esq. c/o Rubin Lublin

3145 Avalon Ridge Place, Suite 100, Peachtree Corners, GA, 30071

Dated:     March 24th, 2020

*Sandra B. Williams* (signature)

Sandra B. Williams
2736 Lakeside Drive Southwest
Conyers GA 30094