IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SANDRA B. WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>ENCORE CREDIT CORPORATION C/O SELECT PORTFOLIO SERVICING, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HOME EQUITY ASSET TRUST 2006-5 HOME EQUITY PASS THROUGH CERTIFICATES, SERIES 2006-5, RUBIN LUBLIN, LLC, and BRET CHANESS, ESQ.,<br><br>    Defendants. | Case No.<br>1:20-cv-01297-TCB-JSA |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

COME NOW, Select Portfolio Servicing, Inc. ("SPS"),[1] U.S. Bank National

Association, as Trustee, on Behalf the Holders of the Home Equity Asset Trust

2006-5 Home Equity Pass Through Certificates, Series 2006-5 ("U.S. Bank"),

---

[1] The Complaint names "Encore Credit Corporation c/o Select Portfolio Servicing" and goes on to state that this entity is a Utah corporation with its principal place of business at 3217 S. Decker Lake Drive, Salt Lake City, UT 84119. [Doc. 5], p. 4, ¶ 2. SPS has no affiliation with Encore and the listed address is SPS's principal place of business. As such, SPS is moving in its individual capacity and not on behalf of or in connection with Encore.

Rubin Lublin, LLC ("RL") and Bret Chaness ("Mr. Chaness") (these parties are sometimes, collectively, referred to as the "Defendants"), and file this Response to the Plaintiff's Motion for Summary Judgment [Doc. 15], respectfully showing this Honorable Court as follows:

## INTRODUCTION AND RELEVANT FACTS

This action was filed on March 25, 2020, and represents the fourth time that Plaintiff Sandra B. Williams has been before this Court to challenge the foreclosure of the property located at 2736 Lakeside Drive SW, Conyers, Georgia 30094. *See Williams v. U.S. Bank Nat'l Ass'n*, No. 1:18-cv-01796-TCB (N.D. Ga.); *Williams v. U.S. Bank Nat'l Ass'n*, No. 1:19-cv-04575-TCB (N.D. Ga.); *U.S. Bank Nat'l Ass'n v. Williams*, No. 1:20-cv-01009-TCB (N.D. Ga.). The Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on May 15, 2020. [Doc. 7]. Additionally, the Defendants filed a Motion to Stay Pretrial Deadlines [Doc. 9], which was granted in part on June 4, 2020. [Doc. 14]. The Plaintiff did not timely respond to the Motion to Dismiss, but on June 18, 2020 – over a month later – filed a tardy response that included a request for summary judgment. [Doc. 15]. The sole basis for requesting summary judgment is that "Defendant failed to file an Answer is a timely fashion" and that "[i]n support of this Motion, Plaintiff reincorporates her complaint and supporting document." *Id.* at p. 5.

# ARGUMENT AND CITATION OF AUTHORITY

## A. THE PLAINTIFF HAS FAILED TO SHOW THAT SHE IS ENTITLED TO SUMMARY JUDGMENT

Under Fed. R. Civ. P. 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Under Rule 56(c),

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Furthermore, Local Rule 56.1(B)(1) states that:

> A movant for summary judgment shall include with the motion and brief a separate, concise, numbered statement of the material facts to which the movant contends there is no genuine issue to be tried. Each material fact must be numbered separately and supported by a citation to evidence proving such fact. The Court will not consider any fact: (a) not supported by a citation to evidence (including page or paragraph number); (b) supported by a citation to a pleading rather than to evidence; (c) stated as an issue or legal conclusion; or (d) set out only in the brief and not in the movant's statement of undisputed facts.

Here, the Plaintiff has failed in all respects to comply with Fed. R. Civ. P. 56 or LR 56.1. The Plaintiff's only "support" for her motion is her Complaint, and pleadings are not evidence for purposes of summary judgment unless verified. *Witter v. Bank of Am.*, No. 1:07-CV-1344-GET-AJB, 2008 WL 11470984, at *10 (N.D. Ga. May 15, 2008) (collecting cases), *report and recommendation adopted*, No. 1:07-CV-1344-GET, 2008 WL 11470997 (N.D. Ga. June 12, 2008). The Complaint here is not verified. *See* [Doc. 5]. In fact, LR 56.1(B)(1) states that this Court will not consider facts "supported by a citation to a pleading rather than to evidence." And the fact that the Defendants have not filed an Answer does not mean the facts in the Complaint have been admitted, despite the Plaintiff's belief to the contrary and her statement that the failure to file an Answer means that "[i]t is an undisputed fact that Defendant promised to stop the foreclosure, in writing and did not." [Doc. 15] at p. 5. A Motion to Dismiss under Rule 12(b)(6) is pending, and as such, no Answer is required to be filed unless and until the motion is denied. *See* Fed. R. Civ. P. 12(a)(4). Thus, there is no evidence before the Court to support the Plaintiff's Motion.

Moreover, the Plaintiff failed to include a "separate, concise, numbered statement of the material facts to which the movant contends there is no genuine issue to be tried" in violation or LR 56.1. This failure alone is grounds for denying

the motion. *See Vaughan v. City of Sandy Springs*, No. 1:09-CV-2852-ODE-WEJ, 2011 WL 13177749, at *1 (N.D. Ga. Nov. 14, 2011) (collecting cases), *report and recommendation adopted*, No. 1:09-CV-2852-ODE-WEJ, 2012 WL 12952742 (N.D. Ga. Feb. 2, 2012).

As it stands, the Plaintiff has failed in all respects to set forth a proper Motion for Summary Judgment. The Defendants have been presented with no basis on which the motion rests other than an inadmissible complaint, which is the subject of a pending Motion to Dismiss. The Motion for Summary Judgment must be denied.

## **CONCLUSION**

Based on the foregoing, Defendants respectfully request that this Court deny the Motion for Summary Judgment.

Respectfully submitted, this 10th day of July 2020.

/s/ Bret J. Chaness
BRET J. CHANESS (GA Bar No. 720572)
**RUBIN LUBLIN, LLC**
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(678) 281-2730 (Telephone)
(404) 921-9016 (Facsimile)
bchaness@rlselaw.com

*Pro se and Attorney for Select Portfolio Servicing, Inc., U.S. Bank National Association, as Trustee, on Behalf the Holders of the Home Equity Asset Trust 2006-5 Home Equity Pass Through Certificates, Series 2006-5, and Rubin Lublin, LLC*

## FONT CERTIFICATION

The undersigned counsel for Defendant hereby certifies that the within and foregoing was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted, this 10th day of July 2020.

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this 10th day of July 2020, served all parties in this matter with the within and foregoing by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

    Sandra B. Williams
    2736 Lakeside Drive Southwest
    Conyers, GA 30094

                                         */s/ Bret J. Chaness*
                                         BRET J. CHANESS (GA Bar No. 720572)