## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| SANDRA B. WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HOME EQUITY ASSET TRUST 2006-5 HOME EQUITY PASS THROUGH CERTIFICATES, SERIES 2006-5, RUBIN LUBLIN, LLC, and BRET CHANESS, ESQ.,<br><br>    Defendants. | Case No.<br>1:20-cv-01297-TCB-JSA |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

COME NOW, Select Portfolio Servicing, Inc. ("SPS"), U.S. Bank National Association, as Trustee, on Behalf the Holders of the Home Equity Asset Trust 2006-5 Home Equity Pass Through Certificates, Series 2006-5 ("U.S. Bank"), Rubin Lublin, LLC ("RL") and Bret Chaness ("Mr. Chaness") (these parties are sometimes, collectively, referred to as the "Defendants"), and file this Memorandum of Law in Support of their Motion to Dismiss the Plaintiff's

1

Amended Complaint [Doc. 26] pursuant to Fed. R. Civ. P. 12(b)(6), respectfully showing this Honorable Court as follows:

<u>**STATEMENT OF FACTS**</u>

In this case, Plaintiff Sandra B. Williams is attempting to challenge and set aside the August 6, 2019, foreclosure sale of the property located at 2736 Lakeside Drive Southwest, Conyers, Georgia 30094 (the "Property"). The Plaintiff alleges that she financed her purchase of the Property on March 24, 2006, with a loan from Encore Credit Corporation, secured by a security deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Encore Credit Corporation, its successors and assigns (the "Security Deed"). *See* [Doc. 26] at ¶ 6. The Security Deed was then assigned to U.S. Bank. *Id.* at ¶ 7. SPS is the loan servicer for U.S. Bank. *Id.* at ¶ 17.

Evidently, the Plaintiff eventually defaulted on her obligations under the Security Deed and a foreclosure sale was scheduled for August 6, 2019. *See id.* at ¶ 15. On July 29, 2019, at approximately 9:10 a.m., the Plaintiff claims that she spoke with an SPS representative named Joseph. *Id.* at ¶ 8. Joseph allegedly told the Plaintiff that "when an account is under dispute status, a foreclosure would not take place." *Id.* The Plaintiff asked Joseph to put that in writing, and he stated he could not do that. *Id.*

2

Two days later, on July 31, the Plaintiff claims that she filed a lawsuit in this Court against "Defendants." *Id.* at ¶ 9. However, the Plaintiff never filed a lawsuit at any point in time during the Summer of 2019 and the case number she references – 1:18-cv-1796-TCB-JSA – was filed on April 26, 2018, and dismissed with prejudice on October 22, 2018. *See Williams v. U.S. Bank Nat'l Ass'n*, No. 1:18-cv-01796-TCB-JSA, [Doc. 18] (N.D. Ga. Oct. 22, 2018). What was filed on July 31, 2019, was a Rule 60 motion within that case, which was denied on August 29, 2019. *See id.* at [Docs. 20, 23].

The Plaintiff then states that she spoke to another SPS representative named Selina on August 5, 2019, at approximately 10:00 p.m., and Selina told her that "'the account is under dispute status' and as long as the account is under dispute status the foreclosure will not occur." [Doc. 26] at ¶ 12. The Plaintiff alleges that she "relied to her detriment on the statements of Defendants' agents Joseph and Selina" and that "[i]f [she] had known Defendant intended to foreclose, she had the legal right to file a bankruptcy." *Id.* at ¶ 13.

The foreclosure sale took place as scheduled on August 6, 2019, with U.S. Bank being the high bidder. *Id.* at ¶ 15. The Plaintiff was advised of this fact on August 7, 2019, by Mr. Chaness, acting as attorney for SPS. After the foreclosure sale, the Plaintiff says that she filed a complaint with the Consumer Financial

Protection Bureau and that SPS sent her a letter stating that "the representative *inadvertently advised* [Plaintiff] of incorrect information regarding the foreclosure sale." *Id.* at ¶¶ 16-17 (emphasis added). The Plaintiff alleges that "despite Defendant's admission of fault, Defendant refused to rescind the sale." *Id.* at ¶ 18. There is currently an eviction case pending in Rockdale County Magistrate Court. *Id.* at ¶ 25.

Based on these allegations, the Plaintiff seeks the following relief: (1) temporary restraining order to enjoin the state court eviction case; (2) promissory estoppel; (3) fraud; (4) wrongful foreclosure; (5) negligent misrepresentation; and (6) "motion to set aside, vacate, rescind foreclosure sale." Just like her original Complaint, the Plaintiff has again failed to state any claim upon which relief can be granted.

## <u>ARGUMENT AND CITATION OF AUTHORITY</u>

### A.   STANDARD OF REVIEW

This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint does not state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Id.* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

## B.    THERE ARE NO ALLEGATIONS AGAINST RL OR MR. CHANESS

The presence of RL and Mr. Chaness – an attorney at RL – in this case will be addressed first. The Amended Complaint mentions RL only twice. First, that RL and SPS "are no strangers to this scenario as an identical fact scenario occurred . . . in *Sparra v. Deutsche Bank Nat. Tr. Co.*, 336 Ga. App. 418, 785 S.E.2d 78 (2016)." [Doc. 26] at ¶ 19. Second, the Plaintiff stated that "Defendant law firm [RL] is now a party to this lawsuit as they had been made aware of the misrepresentation made by Select Portfolio and is complicit in covering up Defendants actions." *Id.* at ¶ 80. The Plaintiff never says how RL is "complicit." Mr. Chaness is not mentioned anywhere other than the "Parties" section and the fact that he told the Plaintiff an entirely truthful statement that the foreclosure sale took place. *Id.* at ¶¶ 5, 15.

"As the Supreme Court made clear in *[Twombly]* and *[Iqbal]*, a plaintiff's complaint must be 'plausible' in that it must plead facts that support a reasonable inference that there has been some wrongdoing." *Hill v. Bank of Am., Inc.* 512 F. App'x 905, 907 (11th Cir. 2013) (citing *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678).

The only fact related to Mr. Chaness is that he conveyed a truthful statement on the phone to the Plaintiff. There are no claims in the Complaint that attempt to show that this constituted any wrongdoing and Mr. Chaness is never mentioned again. Accordingly, the Plaintiff has failed to state any claim against him, and he should be dismissed from this action, with prejudice. *See id.*

The only allegations related to RL is that the Plaintiff believes a prior lawsuit – *Sparra* – is similar, and that RL "had been made aware of the misrepresentation made by Select Portfolio and is complicit in covering up Defendants actions." First, the presence of a similar lawsuit is irrelevant, as it involves another property, a different plaintiff, and different facts. Moreover, the plaintiff in *Sparra* lost the entire case on a 12(b)(6) motion. *See* 785 S.E.2d at 81 (affirming dismissal of complaint). Further, there are no factual allegations in the Amended Complaint stating what connection RL, a law firm, had to the Security Deed or foreclosure sale. Simply stating that RL was aware of alleged

6

misrepresentations by a third party, to a third party is not evidence of any wrongdoing, and the Plaintiff never says what RL did to "cover up" SPS's actions. The Plaintiff does not allege that RL owed her any duty and, generally, an attorney does not owe any duties to a party who is not its client. *See Legacy Homes, Inc. v. Cole*, 421 S.E.2d 127, 129 (Ga. Ct. App. 1992) (citing *Kirby v. Chester*, 331 S.E.2d 915 (Ga. Ct. App. 1985)). As explained below, it is irrelevant what RL did or did not tell its client because the foreclosure sale is valid. All possible claims against RL and Mr. Chaness must be dismissed with prejudice.

## C.   THE PLAINTIFF CANNOT OBTAIN AN INJUNCTION AGAINST STATE COURT LITIGATION

The Plaintiff asks for a temporary restraining order to enjoin the state court dispossessory action. [Doc. 26] at ¶¶ 28-34. Under the Anti-Injunction Act, 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." This Court has previously held that the exceptions Anti-Injunction Act can never apply to enjoin a state court dispossessory where the dispossessory action was filed prior to the federal lawsuit. *Ohuche v. Bank of Am., N.A.*, No. 1:12-CV-2572-AT-AJB, 2013 WL 12100763, at *16 (N.D. Ga. Feb. 25, 2013), *report and*

*recommendation adopted as modified*, No. 1:12-CV-2572-AT, 2013 WL 12102893 (N.D. Ga. Mar. 22, 2013).

Here, although the Plaintiff does not give any information about when the dispossessory case was filed, we know with certainty that it was filed before the instant case because the Plaintiff improperly attempted to remove it to this Court on March 5, 2020. *See U.S. Bank Nat'l Ass'n v. Williams*, No. 1:20-cv-01009-TCB (N.D. Ga.). The instant case was not filed until March 25, 2020. Thus, is it clear that the Anti-Injunction Act prohibits the relief that the Plaintiff is seeking. Even if it was not such a bar, as will be shown herein, the Plaintiff has failed to show any likelihood of success on the merits, which also bars the granting of an injunction. *See* [Doc. 22] at pp. 26-27.

## D.   THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR PROMISSORY ESTOPPEL

In her next claim, the Plaintiff seeks to set forth a cause of action for promissory estoppel.

> To prevail on a promissory estoppel claim, plaintiffs must show that (1) defendant made certain promises, (2) defendant should have expected that plaintiffs would rely on such promises, (3) the plaintiffs did in fact rely on such promises to their detriment, and (4) injustice can be avoided only by enforcement of the promise.

*Sparra*, 785 S.E.2d 78 at 83 (quoting *Canterbury Forest Ass'n v. Collins*, 243 Ga. App. 425, 428, 532 S.E.2d 736 (2000)). "Promissory estoppel does not apply to

vague promises and 'while the promise need not meet the formal requirements of a contract, it must, nonetheless, have been communication with sufficient particularity to enforce the commitment.'" *Id.* (quoting *Mooney v. Mooney*, 245 Ga. App. 780, 783, 538 S.E.2d 864 (2000)). Additionally, "promissory estoppel does not apply to . . . promises of uncertain duration." *Secured Realty Inv. v. Bank of N. Ga.*, 314 Ga. App. 628, 630, 725 S.E.2d 336 (2012) (citation omitted).

Initially, the claim – along with all other attempts by the Plaintiff to set aside the foreclosure sale – fail because she has not tendered the full amount due on the loan. "Before one who has given a deed to secure his debt can have set aside in equity a sale by the creditor in exercise of the power conferred by the deed . . . she must pay or tender to the creditor the amount of principal and interest due . . . neither fraud nor poverty constitute an equitable excuse for failure to tender." *Mei Kuan Chen v. Wells Fargo Bank, N.A.*, No. 1:13-CV-3037-TWT, 2014 WL 806916, at *3 (N.D. Ga. Feb. 27, 2014) (quoting *Hill v. Filsoof*, 274 Ga. App. 474, 475-76, 618 S.E.2d 12 (2005)). The Plaintiff here has not alleged that she tendered the required sum and therefore her equitable claim for promissory estoppel – and all other requests for equitable relief to set aside the sale – fail as a matter of law and must be dismissed.

But even if the Plaintiff had tendered, she still cannot obtain the relief she is seeking through a claim of promissory estoppel. First, the alleged promise made – not to foreclose while the loan was in "dispute status" – was "of uncertain duration." There is no allegation that SPS ever told the Plaintiff how long her account would remain in dispute status or that it would remain in dispute status on the foreclosure sale date of August 6, 2019. Georgia law provides that "promissory estoppel does not apply to . . . promises of uncertain duration" and thus the Plaintiff's promissory estoppel claim fails. *See Secured Realty*, 314 Ga. App. at 630.

Second, as this Court noted previously with respect to the original Complaint,

> The current claim for Promissory Estoppel contains at least two deficiencies. First, Plaintiff only supplies vague and conclusory facts as to how she relied to her detriment on any oral promise by SPS representatives that the August 6, 2019 foreclosure would not happen. She states that she would have otherwise "filed an emergency injunction; Bankruptcy which would have stopped the foreclosure sale." *Id.* This statement lacks any allegations of fact to explain what specific legal action Plaintiff would have taken in Bankruptcy Court or otherwise, and any facts to plausibly suggest that any such legal action was being planned or was in progress and would have been initiated in the few days that remained before the August 6 sale. Also, the Complaint lacks allegations of fact specific enough to plausibly suggest that any such planned legal action would have been anything other than immaterial or frivolous. Said another way, the Court is left without any allegations to conclude that Plaintiff would have filed any particular legal action that could have legitimately and successfully

avoided foreclosure. Plaintiff's own opinion that could have "stopped the foreclosure sale" is therefore entirely conclusory and speculative. *See Walthour v. U.S. Bank Nat'l Ass'n*, No. 1:15-CV-2875-ODE-JSA, 2015 WL 11492538, at *5 (N.D. Ga. Nov. 30, 2015), *report & rec. adopted by* 2016 WL 4392824 (N.D. Ga. Feb. 24, 2016) (finding that a plaintiff, who was alleging that a creditor falsely told him that they would not foreclose on his property, failed to show that his otherwise-planned bankruptcy filing would have avoided foreclosure).

Second, the Complaint fails to allege facts to show how reliance on this apparently oral statement by a customer service representative was reasonable. "Promises that do not conform to the statute of frauds . . . will often be equally unenforceable under a promissory estoppel theory," because it is usually unreasonable to rely on such an unenforceable oral statement. *Johnson v. Univ. Health Servs., Inc.*, 161 F.3d 1334, 1340 (11th Cir. 1998); *see also R.T. Patterson Funeral Home, Inc. v. Head*, 451 S.E.2d 812, 817 (Ga. Ct. App. 1994) (noting the "general rule that there is no justifiable reliance upon future promises which must be in writing to be enforceable")

[Doc. 22] at pp. 13-14.

The Amended Complaint suffers from the same deficiencies. First, she again said that because of the alleged promise, she "did ***not*** exercise her legal right to file an emergency injunction; Bankruptcy which would have stopped the foreclosure sale." [Doc. 26] at ¶ 24 (emphasis in original). This is identical to what was found to be insufficient in the original Complaint. Second, the Plaintiff admitted that the alleged promise was oral only and that SPS would not put it in writing. *See* [Doc. 26] at ¶ 8. Agreements to forebear from foreclosing are subject to the statute of frauds. *Gaucher v. U.S. Bank*, No. 1:12-CV-00591-WSD, 2012 WL 13013640, at *4 (N.D. Ga. Oct. 29, 2012) (citations omitted). As such, it was not reasonable for

the Plaintiff to rely on any oral promises by SPS and her claim for promissory estoppel fails.

## E.   THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR FRAUD

The next claim is for fraud based on the allegation that SPS misrepresented to the Plaintiff that the foreclosure sale would not proceed. *See* [Doc. 26] at ¶¶ 46-66. "The five elements of fraud and deceit in Georgia are: (1) false representation made by the defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from acting in reliance by the plaintiff; (4) justifiable reliance by the plaintiff; (5) damage to the plaintiff." *Johnson v. GAPVT Motors, Inc.*, 292 Ga. App. 79, 82, 663 S.E.2d 779, 783 (2008). "Scienter for fraud purposes may be shown by a . . . reckless representation." *Smith-Tyler v. Bank of Am., N.A.*, 992 F. Supp. 2d 1277, 1282-83 (N.D. Ga. 2014) (citation omitted). If relying on recklessness, a plaintiff "must also show that the Defendant had an intent to deceive." *Id.* (citation omitted).

Fraud claims must be pleaded with particularity. *See* Fed. R. Civ. P. 9(b). This requires that a Plaintiff "allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Brooks v. Blue*

*Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997) (citation omitted).

Here, the claim fails for the same reason as it did in the initial Complaint, and the Defendants contend that dismissal is appropriate for all the same reasons set forth in this Court's Report and Recommendation. *See* [Doc. 22] at pp. 18-19. The only difference between the first Complaint and the Amended Complaint is that the Plaintiff included details from an August 5 phone call that was in all respects identical to the July 29 call. As this Court previously said:

> The claim against SPS also fails to state a particularized claim for several reasons. First, the Complaint does not allege any statement of then-existing fact. Rather, the Complaint simply alleges that a SPS representative made a promise or prediction of future events. Generally, such a forward-looking statement is not a basis for a fraud claim, absent allegations that the statements were made at the time without any intention to comply. *See Fuller v. Perry*, 476 S.E.2d 793, 796 (Ga. Ct. App. 1996) ("It is axiomatic that a false representation made by a defendant, to be actionable, must relate to an existing fact or past event."); *Riddle v. Driebe*, 265 S.E.2d 92, 95 (Ga. Ct. App. 1980) ("Fraud cannot consist of mere broken promises, unfilled predictions or erroneous conjecture as to future events."). Here, that the SPS telephone representative's statements turned out to be incorrect—which is all that Plaintiff alleges—is not sufficient to infer fraudulent intent or, more specifically, that the representative knew that he or she was telling Plaintiff a lie. Plaintiff does not plead such scienter even generally, much less specific facts to allow a strong inference of scienter, as is required under Rule 9(b).
>
> Second, the Complaint fails to allege what SPS and/or the representative stood to gain from giving this allegedly false information. There are no allegations of fact to suggest that SPS perceived Plaintiff to have any valid means of stopping the

13

foreclosure in the few days that remained between the July 29 call and the August 6 sale. There are no allegations that the prospect of potential Bankruptcy Court action even came up in the discussion with the SPS representative, and/or that the discussion occurred in the context of trying to persuade Plaintiff from taking any particular action.

The Plaintiff has failed to plead that SPS (or any Defendant) acted *intentionally* in telling her that the sale would not proceed or that there was an intent to deceive. In fact, the letter that the Plaintiff relies on states that "the representative *inadvertently* advised you of incorrect reformation regarding the foreclosure sale." [Doc. 26] at p. 30 (emphasis added). Additionally, she has failed to plead facts with particularity showing what any Defendant "gained by the alleged fraud." U.S. Bank had the legal right to foreclose and, by proceeding, gained nothing more than it was already entitled to gain. Lastly, the Plaintiff has failed to plead any facts showing how she was damaged. She only says that she "seeks damages for monies paid to defend this action" and for an award of punitive damages. *Id.* at ¶¶ 65-66. There are no facts supporting these bare assertions, not to mention that the Plaintiff is not *defending* this action and she is representing herself pro se and not entitled under any set of circumstances to an award of fees. *See Massengale v. Ray*, 267 F.3d 1298 (11th Cir. 2001). Also, punitive damages are not recoverable in the absence of actual damages. *Martin v. Martin*, 600 S.E.2d

14

682, 683 (Ga. Ct. App. 2004). Thus, the Plaintiff has failed to state a claim for fraud and the claim should be dismissed.

## F.   THE PLAINTIFF HAS AGAIN FAILED TO STATE A CLAIM FOR WRONGFUL FORECLOSURE

The Plaintiff next brings a wrongful foreclosure claim premised on the *exact same* factual allegation that this Court decided failed to state a claim in the original Complaint. As this Court noted in its Report and Recommendation, "[t]he Complaint lacks any factual allegations other than that SPS's representative made a naked, binding oral suggestion that the previously noticed foreclosure would not occur, at least as scheduled." [Doc. 22] at p. 11. The claim in the Amended Complaint is based on the allegation that "[t]he foreclosure sale took place on August 6, 2019, despite repeated promises and assurances to Plaintiff that it would not occur." [Doc. 26] at ¶ 72. Because the claim is identical to the original Complaint, this Court should dismiss the claim in the Amended Complaint for the exact same reasons. *See* [Doc. 22] at pp. 7-12.

In addition to the reasons for dismissal set forth in the Report and Recommendation, the claim should also be dismissed because the only remedy that the Plaintiff seeks is setting aside the foreclosure sale. [Doc. 26] at ¶ 81; *see also* [Doc. 22] at p. 8 (citations omitted) ("In the alternative to monetary damages, a plaintiff may forego damages and seek to set aside the foreclosure."). However, as

set forth above, a borrower can only have a foreclosure sale set aside if they tender the entire amount due and owing on the loan. *See Mei Kuan Chen*, 2014 WL 806916, at *3. The Plaintiff has not alleged that she has done that. Her claim for wrongful foreclosure must be dismissed.

## G.   THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR NEGLIGENT MISREPRESENTATION

In a new claim that was not raised in the original Complaint, the Plaintiff tries to set forth a cause of action for negligent misrepresentation. "The essential elements of a claim of negligent misrepresentation are ...: (1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance." (Punctuation and footnote omitted.) *Home Depot U.S.A., Inc. v. Wabash Nat. Corp.*, 314 Ga. App. 360, 367, 724 S.E.2d 53 (2012) (citation omitted). Claims of negligent misrepresentation must be pleaded with particularity under Fed. R. Civ. P. 9(b). *See Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012); *see also Osprey Cove Real Estate, LLC v. Towerview Constr., LLC*, 343 Ga. App. 436, 441, 808 S.E.2d 425 (2017) (negligent misrepresentation must be pleaded with particularity in state court).

Here, the claim fails first and foremost because it is not pleaded with particularity.  The Plaintiff has failed to plead facts with particularity showing what

16

any Defendant "gained by the alleged fraud." U.S. Bank had the legal right to foreclose and, by proceeding, gained nothing more than it was already entitled to gain. Further, the Plaintiff has failed to plead any facts showing how she was damaged. The Amended Complaint says only that the negligent misrepresentation "caused Plaintiff not to take action resulting in the loss of title to her home." [Doc. 26] at ¶ 71. It is wholly speculative that the Plaintiff could have successfully taken some legal action to stop the sale and unclear whether there was even any equity in the Property for the Plaintiff to protect. If there was no equity above the loan balance, there are no economic injuries to speak of. *See Everidge v. Wells Fargo Bank*, No. 5:12-CV-497 (LJA), 2015 WL 5786738, at *20 (M.D. Ga. Sept. 29, 2015), *aff'd*, 654 F. App'x 479 (11th Cir. 2016).

Additionally, the Plaintiff cannot satisfy the reasonable reliance element. As previously noted, it is the "general rule that there is no justifiable reliance upon future promises which must be in writing to be enforceable." *Head*, 451 S.E.2d at 817. Agreements to forebear from foreclosing are subject to the statute of frauds. *Gaucher*, 2012 WL 13013640, at *4. Since the alleged promise here was not in writing, the Plaintiff cannot show that she justifiably relied, and her negligent misrepresentation claim should be dismissed.

17

**H.     THE PLAINTIFF CANNOT HAVE THE FORECLOSURE SALE SET ASIDE**

Lastly, the Plaintiff sets forth a heading with the title "Motion to Set Aside, Vacate, Rescind Foreclosure." [Doc. 26] at ¶¶ 73-77. This simply appears to be a duplicative claim for wrongful foreclosure. As noted above, the Plaintiff has failed to state any claim for wrongful foreclosure and cannot set aside the sale because she has failed to tender the full amount due on the loan. The Plaintiff attempts to counter the tender requirement here by citing to the case of *Rainey v. FMF Cap., LLC*, No. 1:11-CV-0364-CAP, 2012 WL 12287796, at *5 (N.D. Ga. Mar. 30, 2012). In *Rainey*, this Court concluded that "the equitable maxim does not apply here to setting aside a foreclosure sale that would by null and void, *ab initio*, if the plaintiffs' allegations are true." *Id.* There, this Court was dealing with an allegedly defective notice of sale. *Id.*

However, in this case, there is nothing at all suggesting the sale would be void *ab initio*. In fact, this Court previously stated that "[n]othing in the Complaint would suggest that Defendants lacked the right to foreclose based on Plaintiff's default, or that there was any deficiency in the written notice, advertisement or sale procedures." [Doc. 22] at p. 11. The same can be said of the Amended Complaint. Thus, even if the Plaintiff has a valid wrongful foreclosure claim – or any other claim seeking to set aside the sale – she must tender the full amount due and owing

18

on the loan. Accordingly, the "Motion to Set Aside, Vacate, Rescind Foreclosure Sale" is meritless and must be dismissed.

## **CONCLUSION**

Based on the foregoing, the Defendants respectfully request that this Court grant their Motion to Dismiss the Amended Complaint.

Respectfully submitted, this 30th day of November 2020.

/s/ Bret J. Chaness
BRET J. CHANESS (GA Bar No. 720572)
**RUBIN LUBLIN, LLC**
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(678) 281-2730 (Telephone)
(404) 921-9016 (Facsimile)
bchaness@rlselaw.com

*Pro se and Attorney for Select Portfolio Servicing, Inc., U.S. Bank National Association, as Trustee, on Behalf the Holders of the Home Equity Asset Trust 2006-5 Home Equity Pass Through Certificates, Series 2006-5, and Rubin Lublin, LLC*

## <u>FONT CERTIFICATION</u>

The undersigned counsel for the Defendants hereby certifies that the within and foregoing was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted, this 30th day of November 2020.

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have, this 30th day of November 2020, served all parties in this matter with the within and foregoing by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

> Sandra B. Williams
> 2736 Lakeside Drive Southwest
> Conyers, GA 30094

> */s/ Bret J. Chaness*
> BRET J. CHANESS (GA Bar No. 720572)