FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 1 1 2021

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SANDRA B. WILLIAMS | ) | |
| | ) | |
| PLAINTIFF, | ) | CIVIL ACTION |
| | ) | File No.: 1:20-CV-1297-TCB |
| v. | ) | Rockdale County Magistrate Ct |
| | ) | 2020-MAG-0620 |
| SELECT PORTFOLIO SERVICING, | ) | OBJECTIONS TO |
| U.S. BANK NATIONAL ASSOCIATION, | ) | MAGISTRATE'S FINAL |
| AS TRUSTEE, ON BEHALF THE | ) | ORDER |
| HOLDERS OF THE HOME EQUITY | ) | |
| ASSET TRUST 2006-5 HOME EQUITY | ) | |
| PASS THROUGH CERTIFICATES, ` | ) | |
| SERIES 2006-5; RUBIN LUBLIN, LLC | ) | |
| & BRET CHANESS, ESQ. | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S FINAL REPORT AND ORDER

**COMES NOW** Sandra B. Williams, Plaintiff in the above captioned action,

appearing Pro Se, and timely files her **OBJECTIONS TO MAGISTRATE'S**

**FINAL REPORT AND ORDER** pursuant to 28 U.S.C. §636(b)(1)(A) as "A

judge of the court may reconsider any pretrial matter under this subparagraph (A)

where it has been shown that the magistrate judge's order is clearly erroneous or

contrary to law."  In support of her objections Plaintiff states as follows:

I.     ARGUMENT AND CITATION OF AUTHORITY

The court found that "in Georgia, promises relating to interests in land are covered by the statute of frauds and therefore must be in writing to be enforceable. O.C.G.A. § 13-5-30 (a)(4) citing E. Piedmont 120 Associates L.P. v Sheppard A92A1975; 434 S.E. 2d 101, 102. This case deals with "…an alleged oral agreement to form a joint venture to develop Mrs. Sheppard's land into a shopping center." Plaintiff respectfully shows the court that this set of facts does not relate to the issue at bar. There is already an enforceable contract between Plaintiff and Defendant. There is an issue as to whether the parties agree to modify the loan and in return forego Defendant's contractual right to foreclose under the terms of the said existing agreement. Defendant made a promise, in writing, not to foreclose, and Plaintiff relied on that promise to her detriment.

A. Equity Created by Estoppel

There are differences between a contract and an equity created by estoppel. Plaintiff submits an equity created by estoppel may be imposed irrespective of any agreement by the party bound. As this court has pointed out, a contractual obligation must be supported by consideration; but an equity created by estoppel need *not* be supported by what is, strictly speaking, consideration. The remedy offered by promissory estoppel has been limited to preventing the enforcement of existing legal rights. This is exactly the remedy Plaintiff seeks; preventing

Defendant from enforcing its legal right to foreclose when it promised not to do so, hence, voiding the foreclosure. GA Code § 24-14-29 (2014) In order for an (promissory) equitable estoppel to arise, there shall generally be some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence as to amount to constructive fraud, by which another has been misled to his or her injury.

In Middlebooks v. Lonas, 246 Ga. 720 (2) (272 SE2d 687) (1980), the court held that a promise made *without a present intent to perform* is a misrepresentation of material fact and is sufficient to support a claim of fraud. Middlebrooks, supra at 721. See also Restatement of Torts Second, § 530 (1), p. 64 (1977). As to the court's argument regarding the statute of frauds, the court held in *Bennett v. Bennett*, 212 Ga. 128, 129 (91 SE2d 29) (1956). "The statute of frauds is inoperative as a protection and support of fraud, and *equity will declare a constructive trust in respect of property acquired by fraudulent oral promises...*" *(Emphasis mine)* The Supreme Court held in *Watkins v Watkins,* 344 S.E. 2d 1986, "On the question of fraud, the key issue is whether John made the promise without a present intent to perform." A person " by his words or conduct, so behaves as to lead another to believe that he will not insist on his strict legal rights - knowing or intending that the other will act on that belief - and he does so act, that again will raise an equity in favor of the other; and it is for a court of equity to say in what

way the equity may be satisfied." The High Court held that to avoid detriment through unconscionable behavior, Watkins was estopped from denying the oral promise, the contract not to exercise their otherwise legal right to act."

The 5 elements of Promissory Estoppel are:

1. Some form of legal relationship either exists or is anticipated between the parties. A contractual relationship is the most common type of "legal" relationship. Parties to pre-contractual negotiations also fall within this principle. Here the parties are already in a contractual relationship for which no additional consideration is required for equitable promissory estoppel.

2. A representation or promise by one party. Traditionally, estoppel could only be used with respect to a representation about an existing fact. The High Court decision in **_Waltons Stores (Interstate) Ltd v Maher_** (1988) 164 CLR 387, however, extended the doctrine to representations about **_future conduct_**. (Emphasis mine) This type of "promissory estoppel" arises where the promise is given in circumstances that lead the other party to assume the promise will be performed. As a consumer, a customer of a national bank, Plaintiff had every right to rely on the promise NOT to foreclose by a representative of Defendant in anticipation of a forthcoming loan modification. Defendant's agent **_admitted, in writing, that they agreed to_**

***stop the foreclosure which had been scheduled to take place on August 6, 2019.*** Defendant's agents' representations constitute promissory estoppel and negligent representation. It flies in the face of justice that this court would sanction Defendant's behavior.

3. Reliance by the other party on the promise or representation. The party relying on the promise must suffer a detriment. Plaintiff lost title to her home via foreclosure.

4. Detriment. The party relying on the promise must have suffered some sort of detriment. In other words, the party must be in a worse position for having relied on the promise. Plaintiff is clearly in a worse position.

5. Unconscionability. There is no general restriction, which prohibits a person from breaking his or her promise. Accordingly, before an action for estoppel will succeed, it must be shown that, in the circumstances, it would be unfair or inequitable to allow them to do so. Clearly Defendant has no honor.

Clearly Defendant has admitted the promise was made. Whether Plaintiff spoke with "Selena" or anyone else for that matter is of no consequence. Plaintiff has met her burden of proving Defendant made a promise and did not keep it. They are culpable for their behavior. If this court's recommendation is allowed to be

finalized then it is sending a signal to every bank that they can blatantly lie without repercussion.

This is an action to set aside/rescind/void a wrongful foreclosure which took place on August 6, 2019. Defendant Select Portfolio Servicing, Inc. admittedly wrongfully foreclosed after admittedly, in writing, promising Plaintiff, who detrimentally relied on Defendants' *admitted* promise that it would not proceed with the foreclosure. There were no contingencies associated with this promise. Defendant communicated in writing and orally that would not foreclose. They did. This clearly flies in the face of the laws that were designed to protect consumers if this court does not vacate this foreclosure.

## B. Plaintiff's Right to File Bankruptcy to Stop Foreclosure

One of the *primary purposes of the Bankruptcy Act* is to 'relieve the *honest debtor* from the weight of oppressive indebtedness, and permit him to start a fresh free from the obligations and responsibilities consequent upon business or personal misfortunes. Plaintiff had a right, by law, if she had known Defendant's representatives were blatantly lying, to file a Chapter 7 or Chapter 13 Bankruptcy, and save her home.

The court incorrectly stated that ""Joseph" was aware of any threat of bankruptcy and made those statements to induce Plaintiff to forebear from filing." (Magistrate Report Pg. 8) Plaintiff made no such threat or allegation. Plaintiff

simply stated a fact; she had the legal right to file Bankruptcy. Plaintiff's statement to the contrary was not speculative or hypothetical; she had a right to file Bankruptcy to stop the foreclosure had Defendant truthfully communicated its intent to do so. It business dealings, Plaintiff is entitled to fair play. Plaintiff respectfully submits that if Defendant had been truthful and stated they were going to proceed with the foreclosure, then she would have exercised her right to file Bankruptcy as stated in paragraph one of this subheading.

## CONCLUSION

Plaintiff submits there is clearly one issue to be decided; whether Defendant can make an oral promise not to foreclose, confirm that promise in writing, and then proceed to foreclose on a homeowner without any legal repercussion? This scenario flies in the face of reason, justice, equity, and fair play.

The magistrate's report is creating a slippery slope wherein it questions the veracity of Plaintiff's communications with Defendant's representatives (Magistrate's Report Pgs. 2 3, 4) who admitted in writing they spoke with her and promised not to foreclose but foreclosed anyway. The court classified this lie as "erroneous information (Magistrate's Report Pgs. 2) Plaintiff submits, a lie is a lie is a lie.

Further, the court justified a banking Defendant's promise, which they admitted in writing, that they spoke with her, and promised not to foreclose, but

subsequently foreclosed.   All Defendant had to do was to simply and truthfully communicate their intention to foreclose. Plaintiff relied, to her detriment, on Defendant's blatant lie, and it would be unfair or inequitable to allow them to retain title to a home they took by lying about their intentions not to do so.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

a.  Set aside, void, rescind the foreclosure sale; and

b.  Restore Plaintiff to status quo without penalty, arrearages, or interest; and

c.  Allow the parties to pursue a loan modification; and

d.  For such other and further relief as this court may deem proper.

Respectfully submitted this 11th day of February, 2021

Sandra B. Williams
2736 Lakeside Drive Southwest
Conyers GA 30094

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 11 2021

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | | |
|---|---|---|
| SANDRA B. WILLIAMS | ) | |
| | ) | |
| PLAINTIFF, | ) | CIVIL ACTION |
| | ) | File No.: 1:20-CV-1297-TCB |
| v. | ) | Rockdale County Magistrate Ct |
| | ) | 2020-MAG-0620 |
| SELECT PORTFOLIO SERVICING, | ) | PLAINTIFF'S OBJECTIONS |
| U.S. BANK NATIONAL ASSOCIATION, | ) | TO FINAL REPORT AND |
| AS TRUSTEE, ON BEHALF THE | ) | RECOMMENDATION |
| HOLDERS OF THE HOME EQUITY | ) | |
| ASSET TRUST 2006-5 HOME EQUITY | ) | |
| PASS THROUGH CERTIFICATES, ` | ) | |
| SERIES 2006-5; RUBIN LUBLIN, LLC | ) | |
| & BRET CHANESS,     ESQ. | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1 D, I hereby certify that the foregoing motion has

been prepared in compliance with Local Rule 5.1 B and C using 14-point Times

New Roman font.

Respectfully submitted this 11th day of February, 2021

_____
Sandra B. Williams
2736 Lakeside Drive Southwest
Conyers GA 30094

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 11 2021

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | | |
|---|---|---|
| SANDRA B. WILLIAMS | ) | |
| | ) | |
| PLAINTIFF, | ) | CIVIL ACTION |
| | ) | File No.: 1:20-CV-1297-TCB |
| v. | ) | Rockdale County Magistrate Ct |
| | ) | 2020-MAG-0620 |
| SELECT PORTFOLIO SERVICING, | ) | AMENDED COMPLAINT |
| U.S. BANK NATIONAL ASSOCIATION, | ) | |
| AS TRUSTEE, ON BEHALF THE | ) | |
| HOLDERS OF THE HOME EQUITY | ) | |
| ASSET TRUST 2006-5 HOME EQUITY | ) | |
| PASS THROUGH CERTIFICATES, ` | ) | |
| SERIES 2006-5; RUBIN LUBLIN, LLC | ) | |
| & BRET CHANESS,     ESQ. | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that the Defendants U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF THE HOLDERS OF THE HOME EQUITY ASSET TRUST 2006-5 HOME EQUITY PASS THROUGH CERTIFICATES, SERIES 2006-5, C/O SELECT PORTFOLIO SERVICING, LLC., RUBIN LUBLIN AND BRET CHANESS were served electronically as the **PLAINTIFF'S OBJECTIONS TO THE MAGISTRATES FINAL REPORT AND RECOMMENDATION** was deposited with the Clerk of the Court and Defendants were served via electronic service on even date:

   a. U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF THE HOLDERS OF THE HOME EQUITY ASSET

TRUST 2006-5 HOME EQUITY PASS THROUGH
CERTIFICATES, SERIES 2006-5 c/o SELECT PORTFOLIO
SERVICES
3217 S Decker Lake Drive
Salt Lake City, Utah  84119

b.  Rubin Lublin, LLC.
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA, 30071

c.  Bret Chaness, Esq. c/o Rubin Lublin
3145 Avalon Ridge Place, Suite 100, Peachtree Corners, GA, 30071

Dated:          February 11th, 2021


_Sandra B. Williams_
Sandra B. Williams
2736 Lakeside Drive Southwest
Conyers GA 30094